Argued and submitted October 11, affirmed in part; reversed in part; and remanded with instructions November 24, 1982

In the Matter of the Compensation of
Allen H. Sparks, Claimant.

SPARKS,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(WCB Case No. 81-00286, CA A24583)

653 P2d 1002

Don G. Swink, Portland, argued the cause for petitioner. On the brief was J. Randolph Pickett, Portland.

Donna Parton, Salem, argued the cause for respondent. On the brief was Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Claimant appeals from an order of the Workers' Compensation Board finding that an injury to his right ankle and a left hip problem were not compensable.

On March 19, 1976, claimant, a 50-year-old plumber, fell from a ladder, landing on his right foot and right wrist. The carrier accepted the wrist claim, and it is not in issue here. The controversy in this proceeding involves claimant's contentions that (1) he injured his *right ankle* in the March accident and (2) he suffers pain in his *left hip* as a consequence of the removal of a small piece of bone from his pelvis for use in bone fusion surgery to repair the compensable wrist fracture.

■ ■  On *de novo* review, we agree with the Board that claimant failed to show that the right ankle condition was causally related to the industrial injury, but we disagree with the Board's conclusion that the left hip problem is not compensable. Claimant required four separate bone graft operations for his wrist injury. A preponderance of the medical evidence establishes that the second graft surgery caused persistent weakness and discomfort at the site of the origin of the abductor muscles in the left iliac crest area, the donor bone site. The causative link is that surgery to correct the compensable wrist condition caused the problem in the left hip. The Board, in concluding that the hip condition was not compensable, suggested that its decision was based on the lack of evidence of any impairment at the donor site. We do not understand the Board's use of the term "impairment." The question of impairment is an extent-of-disability inquiry and is *not* involved in this case. This is a compensability case.

Affirmed in part; reversed in part; and remanded with instructions that the left hip claim be accepted.